# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————————— ) | 07-MD-1898 (TCP) |
| IN RE AMERICAN HOME MORTGAGE ) | |
| SECURITIES LITIGATION ) | Electronically filed |
| ———————————————————— ) | |
| ) | |
| THIS DOCUMENT RELATES TO ) | |
| ALL CLASS ACTIONS ) | |
| ———————————————————— ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court and the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"),[1] this Stipulation is entered into between and among Lead Plaintiffs Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension & Retirement System ("Lead Plaintiffs"), and individual defendants Michael Strauss; Stephen A. Hozie; Robert Bernstein; John A. Johnston; Michael A. McManus, Jr.; C. Cathleen Raffaeli; Nicholas R. Marfino; Kenneth P. Slosser; Irving J. Thau; and Kristian R. Salovaara (the "Settling Defendants"), by and through their respective Counsel in the above-captioned consolidated class action (the "Action"). This Settlement is intended to settle and release all claims against the Settling Defendants, as set forth in Paragraph 3 below.

---

[1] "Bankruptcy Court Approval", as that term is used herein, shall mean the Final order of the Bankruptcy Court approving, solely to the extent necessary, the use of the proceeds of the Directors' and Officers' Liability Insurance Policies (as defined herein) to fund the Settlement Amount.

**WHEREAS:**

A.     Beginning on July 31, 2007, twenty-one (21) class actions were filed in this Court, alleging violations of federal securities laws and captioned: *Elliot Greenberg v. American Home Mortgage Investment Corp., et al.*, No. 07cv3152; *Joshua F. Hafron v. American Home Mortgage Investment Corp., et al.*, No. 07cv3184; *Claude Reese v. American Home Mortgage Investment Corp., et al.*, No. 07cv3186; *James Ramos v. American Home Mortgage Investment Corp., et al.*, No. 07cv3191; *Gail Fialkov v. American Home Mortgage Investment Corp., et al.*, No. 07cv3193; *Richard Nieland v. American Home Mortgage Investment Corp., et al.*, No. 07cv3194; *Yuk Ying Lui v. American Home Mortgage Investment Corp., et al.*, No. 07cv3198; *Randy Stark v. American Home Mortgage Investment Corp., et al.*, No. 07cv3227; *George Blake v. American Home Mortgage Investment Corp., et al.*, No. 07cv3237; *William Raniolo, et al. v. Michael Strauss, et al.*, No. 07cv3243; *Richard Abraham v. American Home Mortgage Investment Corp., et al.*, No. 07cv3248; *Mark Hollingsworth v. Michael Strauss, et al.*, No. 07cv3259; *Kenneth Bruce v. American Home Mortgage Investment Corp., et al.*, No. 07cv3306; *David Scheall v. Michael Strauss*, No. 07cv3315; *Larry Massung v. American Home Mortgage Investment Corp., et al.*, No. 07cv3350; *KT Investments, LLC v. Michael Strauss, et al.*, No. 07cv3388; *Arthur S.K. Fong v. Michael Strauss, et al.*, No. 07cv3540; *Dana Marlin v. Citigroup Global Markets, Inc.*, No. 07cv3580; *Justin Tuttleman, et al. v. John Johnston, et al.*, No. 07cv5353; and *Teachers' Retirement System of Oklahoma v. Robert Bernstein, et al.*, No. 08cv1391.  These actions were consolidated by the Court's Order dated March 19, 2008 (the "March 19, 2008 Order") under the caption *In re American Home Mortgage Securities Litigation* (the "Action").  In addition, pursuant to the March 19, 2008 Order, the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension & Retirement System were appointed

Lead Plaintiffs, and the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio (formerly known as "Berman DeValerio Pease Tabacco Burt & Pucillo") were appointed Lead Counsel.   On October 3, 2008, a related case pending in the United States District Court for the Eastern District of Virginia, *Canal Walk Lofts II LLP, et al. v. Michael Strauss, et al.*, No. 08cv4093, was transferred into this Court and consolidated with this Action.

      B.      The Consolidated Amended Class Action Complaint filed June 4, 2008 in this Action (the "Complaint") generally alleges, among other things, that during the period between July 19, 2005 through and including August 6, 2007 (the "Class Period"), Defendants (as defined herein) issued materially false and misleading statements regarding the financial condition of American Home Mortgage Investment Corp. ("American Home") in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, and Sections 11, 12 and 15 of the Securities Act of 1933.[2]

      C.      On September 12, 2008, Defendants served on Plaintiffs seven motions to dismiss.   The Court is scheduled to hear argument on those motions on April 24, 2009.   All parties to this Stipulation agree that the Settlement embodied herein is and will remain binding and fully enforceable regardless of any rulings with respect to any of the pending motion(s) to dismiss the Complaint.

      D.      Lead Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint.   They have also researched the applicable law with respect to the claims of Lead Plaintiffs and the other Class Members (as defined herein) against the Settling Defendants and the potential defenses thereto.   Further, Lead

---

[2]   On August 6, 2007, American Home filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.   Pursuant to Section 362(a) of the Bankruptcy Code, all actions are automatically stayed against a debtor who files a voluntary petition under the Bankruptcy Code.   Accordingly, Lead Plaintiffs have not named American Home as a defendant herein.

Plaintiffs, by their Counsel, have had several settlement discussions and arm's-length negotiations with counsel for the Settling Defendants, including several days of mediation conducted by a professional mediator, David Geronemus of JAMS, with respect to a compromise and settlement of claims against the Settling Defendants with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class. Settling Defendants have agreed to reasonable confirmatory document discovery that shall commence within five (5) business days after Bankruptcy Court Approval.

E.      Based upon their investigation, as set forth above, Lead Counsel have concluded that the terms and conditions of this Settlement are fair, reasonable and adequate to Lead Plaintiffs and the other Class Members and in their best interests, and have agreed to settle the claims raised in the Action as against the Settling Defendants pursuant to the terms and provisions of this Stipulation, after considering: (1) the substantial benefits that Lead Plaintiffs and other Class Members will receive from settlement of the claims against the Settling Defendants; (2) the attendant risks of litigation; and (3) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

F.      Nothing in this Stipulation shall be construed or deemed to be evidence of an admission or concession on the part of any Settling Defendant with respect to any claim or any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that the Settling Defendants have asserted or may assert. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action against the Settling Defendants.

G.      The parties to this Stipulation recognize that the Action has been filed by Lead Plaintiffs and defended by Settling Defendants in good faith and with adequate basis in fact

under Rule 11 of the Federal Rules of Civil Procedure; that the claims against the Settling Defendants are being voluntarily settled on advice of Counsel; and that the terms of the Settlement are fair, adequate and reasonable.

**NOW THEREFORE,** without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Settling Defendants and other released persons and entities, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to Bankruptcy Court Approval and approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) and all Released Parties' Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1. As used in this Stipulation, the following terms shall have the following meanings:

a. "Action" shall mean *In re American Home Mortgage Securities Litigation*, No. 07-MD-1898 (TCP), and includes all actions consolidated therein pursuant to the Court's March 19, 2008 Order.

b. "American Home" shall mean American Home Mortgage Investment Corp.

c.      "Authorized Claimant" shall mean a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, who is approved for payment from the Net Settlement Fund.

d.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

e.      "Claim" shall mean a claim for payment from the Net Settlement Fund.

f.      "Claim Form" or "Proof of Claim Form" shall mean the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete should that Claimant seek to share in a distribution of the Net Settlement Fund.

g.      "Claimant" shall mean a person or entity that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Net Settlement Fund.

h.      "Claims Administrator" shall mean the firm retained by Lead Plaintiffs and Lead Counsel subject to approval of the Court to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

i.      "Class" shall mean, for purposes of this Settlement, all persons or entities who purchased or otherwise acquired shares of American Home common and/or preferred stock during the period from July 19, 2005 through and including August 6, 2007 and who were damaged thereby.   The Class includes all persons or entities who purchased or otherwise acquired shares of American Home common stock pursuant or traceable to the registration statements issued in connection with the secondary offerings conducted on or about August 9, 2005 (the "2005 Offering") and on or about April 30, 2007 (the "2007 Offering") and who were damaged thereby (the "Offerings Subclass").  Excluded from the Class are the following persons or entities: (i) Defendants and American Home; (ii) the parents, successors, subsidiaries,

affiliates and assigns of any Defendant or of American Home, (iii) members of the immediate family of each of the Settling Defendants; (iv) any person who was an officer or director of American Home, Deloitte & Touche LLP or any of the Underwriter Defendants (or any other underwriter of the 2005 Offering or the 2007 Offering) during the Class Period; and (v) any firm, trust, corporation, or other entity in which any of the Settling Defendants has or had a controlling interest during the Class Period.  Also excluded from the Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

j.      "Class Distribution Order" shall mean the first order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to the Authorized Claimants.

k.      "Class Member" shall mean a person or entity that is a member of the Class and does not exclude himself, herself or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

l.      "Class Period" shall mean the period from July 19, 2005 through and including August 6, 2007.

m.      "Complaint" shall mean the Consolidated Amended Class Action Complaint that was filed in the Court on June 4, 2008.

n.      "Court" shall mean the United States District Court for the Eastern District of New York.

o.      "Defendants" shall mean the Settling Defendants, as defined below, and Citigroup Global Markets Inc.; Citigroup Inc.; Lehman Brothers Inc.; J.P. Morgan Chase & Co.;

Deutsche Bank Securities Inc.; Deutsche Bank A.G.; Stifel, Nicolaus & Company, Incorporated; Flagstone Securities, LLC; Ryan Beck & Co., Inc.; and Deloitte & Touche LLP.[3]

      p.     "Directors' and Officers' Liability Insurance Policies" shall mean the following policies: National Union Fire Insurance Company of Pittsburgh, Pa., Policy No. 673-84-28, R/N 494-00-39; ACE American Insurance Company, Policy No. DOX G23651439 D01; Lloyd's, Policy No. 246/LDUSA0601849; Zurich American Insurance Company, Policy No. EOC 9680911 00; Illinois National Insurance Company, Policy No. 673-86-10.

      q.     "Effective Date" shall mean the date on which all of the following shall have occurred: (i) the Court has entered the Preliminary Approval Order; (ii) the Court has approved the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iii) the Court has entered the Judgment, which has become Final; and (iv) the Bankruptcy Court has issued an order granting Bankruptcy Court Approval and such order has become Final.

      r.     "Escrow Account" shall mean one or more interest-bearing accounts created, established, designated, controlled and maintained by Lead Counsel, acting as agents for the Lead Plaintiffs and the Class, wherein the Settlement Amount (as specified in ¶ 1.mm. herein) shall be deposited by or at their direction on behalf of the Class and held in escrow.

      s.     "Escrow Agent" shall mean RBS Citizens, NA Bank, or such other financial institution(s) as Lead Counsel shall select, which shall be responsible for overseeing, safeguarding and distributing the Escrow Account, acting as agent for the Class.

---

[3] Due to its filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on September 15, 2008, all proceedings against Lehman Brothers Inc. have been stayed pursuant to Section 362(a) of the Bankruptcy Code.

t.      "Final," when referring to an order or judgment, shall mean: (i) that the time for appeal or appellate review of such order or judgment has expired; or (ii) if there has been an appeal, that such order or judgment has been affirmed on appeal or that said appeal has been decided without causing a material change in the order or judgment, and such order or judgment is no longer subject to appellate review by further appeal or writ of certiorari.

u.      "Insurers" shall mean National Union Fire Insurance Company of Pittsburgh, PA, Ace American Insurance Company, Lloyd's of London, Zurich American Insurance Company, and Illinois National Insurance Company.

v.      "Judgment" shall mean the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Settlement.

w.      "Lead Counsel" shall mean the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio (formerly known as "Berman DeValerio Pease Tabacco Burt & Pucillo") that were appointed Lead Counsel by the Court's March 19, 2008 Order.

x.      "Lead Plaintiffs" shall mean the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension & Retirement System.

y.      "Litigation Expenses" shall mean the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

z.      "Net Settlement Fund" shall mean the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

aa.      "Non-Settling Defendants" shall mean Citigroup Global Markets Inc.; Citigroup Inc.; Lehman Brothers Inc.; J.P. Morgan Chase & Co.; Deutsche Bank Securities Inc.; Deutsche Bank A.G.; Stifel, Nicolaus & Company, Inc.; Flagstone Securities, LLC; Ryan Beck & Co., Inc.; and Deloitte & Touche LLP.

bb.      "Notice" shall mean the Notice of Pendency of Class Action and Proposed Settlements, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to Class Members.

cc.      "Notice and Administration Costs" shall mean the costs, fees and expenses that are incurred by the Claims Administrator and Lead Counsel in connection with (i) providing notice to the Class, including obtaining security holder lists; and (ii) administering the Claims process.

dd.      "Plaintiffs" shall mean, Lead Plaintiffs and the additional named plaintiffs in the Complaint, *i.e.*, Dana Marlin, Ilene Karol and Lindy Mika.

ee.      "Plaintiffs' Counsel" shall mean Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, represent any Plaintiffs in the Action.

ff.      "Plan of Allocation" shall mean the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

gg.      "Preliminary Approval Order" shall mean the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the

10

Settlement, certifying the Class for settlement purposes only, and directing that notice be provided to the Class.

hh.     "Publication Notice" shall mean the Summary Notice of Pendency of Class Action and Proposed Settlements, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, to be published substantially in the form attached hereto as Exhibit A-3.

ii.     "Released Parties" shall mean any and all of the Settling Defendants, their respective present or former spouses, immediate family members, heirs, agents, employees, attorneys, insurers, representatives, executors, administrators, successors and assigns and any entity in which any of the Settling Defendants has or had during the Class Period a controlling interest, provided however, that "Released Parties" does not include any of the Non-Settling Defendants or American Home or any of their respective parents, successors, subsidiaries, and affiliates, and any entity in which any of them have or had during the Class Period a controlling interest and the officers and directors thereof other than the Settling Defendants.

jj.     "Released Parties' Claims" shall mean any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims (as defined herein), that have been or could have been asserted in the Action or any forum by any of the Settling Defendants or any of the other Released Parties or the successors or assigns of any of them against any Plaintiff, or any other named plaintiffs in any of

the actions consolidated into the Action, any of their respective attorneys, or any other Class Member that arise out of or relate in any way to the institution, prosecution or settlement of the claims against the Settling Defendants, except for claims relating to the enforcement of this Settlement.

kk.     "Settled Claims" shall mean any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, derivative or individual in nature, including both known claims and Unknown Claims (as defined herein), (i) that have been asserted in this Action by any Plaintiff or other Class Member or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by any Plaintiff or other Class Member or any of them against any of the Released Parties that arise out of or are based upon or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint (including but not limited to any disclosures, statements, registration statements or periodic reports issued by American Home or any of the Settling Defendants during the Class Period) and the purchase or other acquisition, sale or other disposition, or decision to hold or holding of American Home common and/or preferred stock during the Class Period.

ll.     "Settlement" shall mean the settlement with the Settling Defendants provided for by this Stipulation.

mm.    "Settlement Amount" shall mean twenty-four million dollars ($24,000,000) in cash.

nn.    "Settlement Fund" shall mean the Settlement Amount plus any income or interest earned thereon.

oo.    "Settlement Hearing" shall mean the hearing set by the Court under Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

pp.    "Settling Defendants" shall mean Michael Strauss; Stephen A. Hozie; Robert Bernstein; John A. Johnston; Michael A. McManus, Jr.; C. Cathleen Raffaeli; Nicholas R. Marfino; Kenneth P. Slosser; Irving J. Thau; and Kristian R. Salovaara.

qq.    "Settling Defendants' Counsel" shall mean the law firms of Simpson Thacher & Bartlett LLP (representing Michael Strauss); Allen & Overy LLP (representing Michael A. McManus, Jr.; C. Cathleen Raffaeli; Kristian R. Salovaara; Nicholas R. Marfino; Kenneth P. Slosser; and Irving J. Thau); Morrison & Foerster LLP (representing Stephen Hozie); Lankler Siffert & Wohl LLP (representing Robert Bernstein); and Gibson Dunn & Crutcher LLP (representing John A. Johnston).

rr.    "Taxes" shall mean collectively: (i) any and all taxes, duties and similar charges (including any estimated taxes, withholdings, interest or penalties and interest thereon) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Settling Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in paragraph 12 herein) for federal or state income tax purposes or any distribution of any portion of the

Settlement Fund to Authorized Claimants and other persons entitled thereto pursuant to this Stipulation and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

ss.    "Unknown Claims" shall mean any and all Settled Claims which any Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which any Settling Defendant or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Released Parties' Claims,  the parties stipulate and agree that upon the Effective Date, Plaintiffs and the Settling Defendants shall expressly waive, and each other Class Member and each other Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Settling Defendants acknowledge, and each other Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for the purpose of the Settlement, the Settling Defendants stipulate and agree to: (a) certification of the Action as a class action, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Class; (b) appointment of Lead Plaintiffs as Class Representatives; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Lead Plaintiffs and the Settling Defendants will move jointly for entry of the Preliminary Approval Order, which will certify the Action to proceed as a class action for settlement purposes only.  Within five (5) business days of entry of the Preliminary Approval Order, Lead Plaintiffs and the Settling Defendants will jointly move for Bankruptcy Court Approval.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Settling Defendants only, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also release any and all Released Parties' Claims as against Plaintiffs and any other plaintiffs in any of the actions consolidated in this Action, and all of their respective counsel and all other Class Members. On the Effective Date, the Action shall be dismissed as against the Settling Defendants only with prejudice and without costs.  It is the intention of the parties to this Settlement that all liability of the Settling Defendants and the other Released Parties with respect to the Settled Claims be eliminated on the Effective Date pursuant to the terms of this Stipulation and the Judgment.

4.      Pursuant to the Judgment, upon the Effective Date, each of the Plaintiffs and all other Class Members (including but not limited to any Class Member who is a party to any other action, arbitration or other proceeding who is asserting any Settled Claim against any of the

Settling Defendants or other Released Party that are pending on the day of entry of the Judgment), on behalf of themselves and their respective heirs, joint tenants, tenants in common, executors, administrators, predecessors, successors, affiliates and assigns, release and shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice.

5.      Pursuant to the Judgment, upon the Effective Date, each of the Settling Defendants and each of the other Released Parties, on behalf of themselves and their respective heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, affiliates and assigns, release and shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Parties' Claims against each and all of the Plaintiffs, the other named plaintiffs in the actions consolidated in this Action, their respective counsel, and the other Class Members with prejudice.

6.      As of the Effective Date, Plaintiffs and all other Class Members, and their respective heirs, joint tenants, tenants in common, executors, administrators, predecessors, successors, affiliates and assigns, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Settled Claims against any of the Released Parties.

7.      As of the Effective Date, Settling Defendants and the other Released Parties, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, shall forever be enjoined from prosecuting any Released Parties' Claims against any of the Plaintiffs,

any other named plaintiff in the actions consolidated in this Action, any of their respective counsel, or any other Class Member.

8.      The Settling Parties shall request that the Judgment include a bar order barring all future claims for contribution or indemnification, including the following language:

(a)      Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against the Settling Defendants arising under federal, state, or common law, foreign law, or any other law rule, or regulation, however styled or denominated, whether as claims, cross-claims, counterclaims or third-party claims, whether asserted in this Court or any other court, arbitration proceeding or other forum, and, whether for indemnification or contribution or otherwise denominated, where the claim arises out of or is related to the claims or allegations asserted by Plaintiffs in the Action and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; provided, however, that if (a) the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to the claims or allegations asserted in the Complaint arising under the Securities Act for which such person or entity and any Settling Defendant are found to be jointly and severally liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Class by or on behalf of each such Settling Defendant for common damages pursuant to the Securities Act; or (ii) an amount that corresponds to the percentage of responsibility of any such Settling Defendant(s) that constitute "covered persons" pursuant to 15 U.S.C. §78u-4(f)(10)(C) for common damages pursuant to the Securities Act; or (b) the Class or any Class Member obtains any

17

judgment against any such person or entity based upon, arising out of, or relating to the claims or allegations asserted in the Complaint arising under the Exchange Act for which such person or entity and any Settling Defendant are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Class by or on behalf of each such Settling Defendant for common damages pursuant to the Exchange Act or (ii) an amount that corresponds to the percentage of responsibility of any Settling Defendant(s) for common damages pursuant to the Exchange Act.

(b)      Each and every Settling Defendant is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity arising under federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim arises out of, or relates to the claims or allegations asserted in the Action and the alleged injury to such Settling Defendant arises from that Settling Defendant's alleged liability to the Class or any Class Member.

### THE SETTLEMENT CONSIDERATION

9.      In consideration of the Settlement of claims asserted in this Action, and subject to the terms and conditions of this Stipulation, Settling Defendants shall pay or cause to be paid, the Settlement Amount into the Escrow Account no later than ten (10) business days after Bankruptcy Court Approval.  Notwithstanding the fact that the Insurers have agreed to pay the Settlement Amount on behalf of Settling Defendants pursuant to their obligations under their

respective policies, Settling Defendants shall remain responsible for the timely deposit of the Settlement Amount into the Escrow Account, conditioned upon Bankruptcy Court Approval.

## USE OF SETTLEMENT FUND

10.     The Settlement Fund shall be used to pay: (a) Taxes; (b) Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded to Plaintiffs' Counsel by the Court.  The balance remaining in the Settlement Fund (the "Net Settlement Fund") shall be distributed to Authorized Claimants as provided below.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $100,000 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States.

12.     The parties hereto agree that the Settlement Fund is intended to be a separate Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 and that Lead Counsel shall act as the administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3), and shall be responsible for filing or causing to be filed all informational and other tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed thereon.  Settling Defendants' Counsel agrees to provide promptly to Lead Counsel the statement described in Treasury Regulation Section 1.468B-3(e).

Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall indemnify and hold all Released Parties harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification), if any, payable by the Settling Defendants by reason of any income earned on the Settlement Fund.  The Settling Defendants shall notify the Escrow Agent promptly if any of them receives any notice of any claim for Taxes relating to the Settlement Fund.

14.     This is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither the Settling Defendants, the Insurers nor any person or entity who or which paid any portion of the Settlement Fund on their behalf shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise provided herein, Settling Defendants and the Insurers shall have no responsibility for the administration of the Settlement and shall have no liability to any person, including, but not limited to, the Class Members, in connection with such administration.   Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class at the address of each such person as set forth in the records of American Home or its transfer agent(s), or who otherwise may be identified through further reasonable effort.  Lead Counsel will cause to be published the Publication Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  For the purpose of identifying and providing notice to the Class, Settling Defendants agree to use reasonable efforts to cause to be provided to the Claims Administrator no later than five (5) business days after entry of the Bankruptcy Court Approval Order American Home's security holder lists (consisting of security holder names and addresses), in electronic form.

16.     Lead Counsel may pay from the Settlement Fund, without further approval from Settling Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Proof of Claim Form, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, publication of the Summary Notice, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs reasonably paid or reasonably incurred, including any related

fees, shall not be returned or repaid to the Settling Defendants or the Insurers or to any person or entity who or which paid any portion of the Settlement Amount on their behalf.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel from the Settlement Fund.  Lead Counsel will also apply to the Court for reimbursement of Litigation Expenses.  None of the Settling Defendants, nor any other Released Party, shall take any position with respect to Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed.  Lead Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving from any of Settling Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses, or notice of the termination of the Settlement. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation or a condition of this Stipulation, the Settlement or the releases provided herein.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to attorneys'

fees and/or Litigation Expenses.  Any appeal relating to an award of attorneys' fees or Litigation Expenses will not affect the finality of the Settlement, the Judgment or the releases provided herein.

19.     Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

## CLAIMS ADMINISTRATOR

20.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than the Settling Defendants' agreement to use their reasonable best efforts to cause to be provided American Home's shareholder transfer records, as provided herein, none of the Settling Defendants or Insurers shall have any responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to any person, including, but not limited to, Lead Plaintiffs, Class Members or Lead Counsel in connection with such administration.   Settling Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part; and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's loss amount (as set forth in the Plan of Allocation to be submitted by Lead Counsel to the Court for approval, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation to be proposed by Lead Counsel is not a necessary term of this Stipulation, and it is not a condition of this Stipulation, the Settlement, or the releases

provided herein that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  No Settling Defendant, Insurer, or any other Released Party, shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund.  Any appeal relating to the allocation of the Net Settlement Fund, the administration of the Settlement or the claims process will not affect the finality of the Settlement, the Judgment, or the releases provided herein.

23.    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Settled Claim.

24.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  No Settling Defendant, Insurer or any other Released Party, shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  No Settling Defendant, Insurer or any other Released Party, shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Member shall be required to submit a Claim Form supported by such documents as are designated therein, including proof of the transactions and holdings claimed and the claimed incurred losses, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable.

b.     All Claim Forms must be submitted by the date that will be set by the Court, unless such deadline is extended by Order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment and the releases provided for herein, and will be barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim.  Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

c.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the Court-approved plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below.

d.      Claim Forms that do not meet the submission requirements may be rejected.    Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.    The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below.

e.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.    If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

f.      The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Settling Defendants' Counsel, for approval by the Court in the Class Distribution Order.

26.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and

amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

27.     Lead Counsel will apply to the Court, on notice of Settling Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to the Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred and enjoined from bringing any action against any and all of the Released Parties concerning any and all of the Settled Claims.

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

### TERMS OF THE JUDGMENT

30.     If the Settlement contemplated by this Stipulation receives Bankruptcy Court Approval and is approved by the Court, Lead Counsel and Settling Defendants' Counsel shall

page

request that the Court enter a Judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, substantially in the form annexed hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

31.     Simultaneously herewith, Lead Plaintiffs and the Settling Defendants, by and through their respective counsel, are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated at the discretion of the Settling Defendants.  The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court.  The parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.   In the event of a withdrawal from this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.   In the event the Settlement and this Stipulation are terminated, the provisions of paragraph 34 shall survive termination.   Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Settling Defendants to exercise their option to withdraw from the Settlement Stipulation pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## WAIVER OR TERMINATION

32.     Settling Defendants, provided they unanimously agree, and Lead Plaintiffs, provided they unanimously agree, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other parties to this Stipulation within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval

Order in any material respect; (b) either the Bankruptcy Court's denial of Bankruptcy Court Approval or the Court's refusal to approve this Stipulation and Settlement or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or pursuant to the terms of the Supplemental Agreement.  In no event shall any ruling by the Court or any appellate court on the pending motions to dismiss the Complaint be grounds for termination of this Stipulation and Settlement.  Additionally, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to this Stipulation and Settlement and shall not be grounds for termination.

33.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, the parties to this Stipulation shall be deemed to have reverted to the respective status in the Action immediately prior to January 16, 2009 and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement consideration previously paid by or on behalf of the Settling Defendants, together with any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable shall be returned to the persons or entities paying the same within fourteen (14) business days after written notification of such event by Settling Defendants to the Escrow Agent, with a copy of such notice to Lead Counsel.

## NO ADMISSION OF WRONGDOING

34.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

          a.     shall not be offered or received against any of the Settling Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Settling Defendants in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Settling Defendants;

          b.     shall not be offered or received against any of the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against any of the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of the Lead Plaintiffs or the other Class Members;

          c.     shall not be offered or received against any of the Settling Defendants or against any of the Lead Plaintiffs or any other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Defendants, or against any of the Lead Plaintiffs or any other Class Members, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, Lead Plaintiffs and any other Class Member may refer to it to effectuate the protection from liability granted them hereunder;

          d.     shall not be construed against any Settling Defendant, any Lead Plaintiff or any other Class Member as an admission, concession or presumption that the consideration to

be given hereunder represents the amount which could be or would have been recovered after trial;

        e.     shall not be construed as or received in evidence as an admission, concession or presumption against any Lead Plaintiff or any other Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement amounts.

## MISCELLANEOUS PROVISIONS

    35.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

    36.    Each Insurer or its designee contributing to the Settlement Fund warrants that, as to the payments made by or on behalf of it, at the time of such payment that the Insurer or its designees made or caused to be made pursuant to paragraph 9 above, such Insurer or its designee was not insolvent, nor will the payment required to be made by or on behalf of such Insurer render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Insurers and not by their counsel.

    37.    If a case is commenced in respect of any of the Settling Defendants, any of the Insurers, or any other person or entity contributing funds to the Settlement Fund on behalf of any of the Settling Defendants under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law with respect to any of them, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any of the Settling Defendants to be a preference, voidable transfer, fraudulent transfer or

similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiffs, the parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of the Settling Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to January 16, 2009 and any cash amounts in the Settlement Fund, as well as any attorneys' fees or Litigation Expenses paid to Plaintiffs' Counsel, shall be returned as provided in paragraph 33 above, provided, however, that the provisions in this Paragraph shall expire and terminate upon the initial distribution from the Net Settlement Fund to Class Members pursuant to a Class Distribution Order.

38.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiffs, any other Class Members and their attorneys against the Released Parties with respect to all Settled Claims.  Accordingly, Lead Plaintiffs and Settling Defendants agree not to assert in any forum that this Action was brought by Lead Plaintiffs, any other Plaintiff, or any plaintiff in the actions consolidated in the Action, or defended by Settling Defendants in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Action. The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the parties, including a mediation conducted under the auspices of a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

39.     While retaining the right to deny that the claims asserted in this Action were meritorious, Settling Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and Settling Defendants shall refrain from any accusations of wrongful or actionable conduct by either party concerning the prosecution and resolution of this Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

40.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except in writing signed by all signatories hereto or their successors-in-interest.

41.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

42.     The administration and consummation of the Settlement as embodied  in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

43.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

44.     This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning this Settlement, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

45.     This Stipulation may be executed in one or more original and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that Counsel for the signatories of this Stipulation shall exchange among themselves original signed counterparts.

46.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

47.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

48.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by Counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties, and all parties have contributed substantially and materially to the preparation of this Stipulation.

49.     All Counsel and any other persons executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

50.     Lead Counsel and Settling Defendants' Counsel agree to cooperate fully with one another in conducting confirmatory document discovery in accordance with the scope, timing, and other aspects of such discovery agreed upon by Lead Counsel and Settling Defendants' Counsel, seeking Court approval of the Preliminary Approval Order, this Stipulation and the

Settlement, seeking Bankruptcy Court Approval, and to promptly agree upon and execute all such other documents as may be reasonably required to obtain Bankruptcy Court Approval and final approval by the Court of the Settlement.

      51.    If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile transmission with confirmation of receipt.   Notice shall be provided as follows:

If to Lead Counsel:

> Bernstein Litowitz Berger
>   & Grossmann LLP
> 1285 Avenue of the Americas
> New York, New York 10019
> Telephone: (212) 554-1400
> Facsimile:  (212) 554-1444
> Attn: Steven B. Singer, Esq.

> Berman DeValerio
> One Liberty Square
> Boston, Massachusetts 02109
> Telephone: (617) 542-8300
> Facsimile:  (617) 542-1194
> Attn: Jeffrey C. Block, Esq.

If to Settling Defendants:

> Simpson Thacher & Bartlett LLP
> 425 Lexington Avenue
> New York, New York 10017
> Telephone: (212) 455-2000
> Facsimile: (212) 455-2502
> Attn.: Paul Charles Curnin, Esq.

> Allen & Overy LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Telephone: (212) 610-6300
> Facsimile: (212) 610-6399
> Attn.: Patricia M. Hynes, Esq.

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Attn.: Jack C. Auspitz, Esq.


Lankler Siffert & Wohl LLP
500 Fifth Avenue
33rd Floor
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701
Attn.:  Frank H. Wohl, Esq.

Gibson Dunn & Crutcher LLP
200 Park Avenue
48th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Attn.: Marshall R. King, Esq.


DATED:  April 8, 2009

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

By: Steven B. Singer    *(/s/ w/permission)*
        Avi Josefson
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-554-1400
Fax: 212-554-1444

*Co-Lead Counsel and Counsel for Co-Lead
Plaintiffs*

**BERMAN DEVALERIO**

By: Jeffrey C. Block
        Kathleen M. Donovan-Maher
        One Liberty Square
        Boston, MA 02109
Tel.: 617-542-8300
Fax: 617-542-1194

*Co-Lead Counsel and Counsel for Co-
Lead Plaintiffs*

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900
Attn.: Jack C. Auspitz, Esq.


Lankler Siffert & Wohl LLP
500 Fifth Avenue
33rd Floor
New York, New York 10110
Telephone: (212) 921-8399
Facsimile:  (212) 764-3701
Attn.:  Frank H. Wohl, Esq.

Gibson Dunn & Crutcher LLP
200 Park Avenue
48th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile:  (212) 351-4035
Attn.: Marshall R. King, Esq.


DATED:  April  8, 2009

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

_____
By: Steven B. Singer
       Avi Josefson
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-554-1400
Fax: 212-554-1444

_Co-Lead Counsel and Counsel for Co-Lead_
_Plaintiffs_

**BERMAN DEVALERIO**

_____
By: Jeffrey C. Block
       Kathleen M. Donovan-Maher
       One Liberty Square
       Boston, MA 02109
Tel.: 617-542-8300
Fax: 617-542-1194

_Co-Lead Counsel and Counsel for Co-_
_Lead Plaintiffs_

36

**SIMPSON THACHER & BARTLETT LLP**

By: Paul Charles Curnin
    George P. Choundas
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Michael Strauss*

**MORRISON & FOERSTER LLP**

By: Jack C. Auspitz
    Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Defendant Stephen A. Hozie*

**GIBSON DUNN & CRUTCHER LLP**

By: Marshall R. King
200 Park Avenue
48th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant John A. Johnston*

#349659

**ALLEN & OVERY LLP**

By: Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr. , C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth
P. Slosser, Irving J. Thau*

**LANKLER SIFFERT & WOHL**

By: Frank H. Wohl
500 Fifth Avenue
33rd Floor
New York, New York 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Defendant Robert Bernstein*

**SIMPSON THACHER & BARTLETT LLP**

_____
By: Paul Charles Curnin
     George P. Choundas
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502


*Counsel for Michael Strauss*

**MORRISON & FOERSTER LLP**

_____
By: Jack C. Auspitz
     Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Defendant Stephen A. Hozie*

**GIBSON DUNN & CRUTCHER LLP**

_____
By: Marshall R. King
200 Park Avenue
48th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant John A. Johnston*

#349659

**ALLEN & OVERY LLP**

*Patricia M. Hynes /ARS with permission*

By: Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr. , C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth
P. Slosser, Irving J. Thau*

**LANKLER SIFFERT & WOHL**

_____
By: Frank H. Wohl
500 Fifth Avenue
33rd Floor
New York, New York 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Defendant Robert Bernstein*

**SIMPSON THACHER & BARTLETT LLP**

 

_____

By: Paul Charles Curnin
     George P. Choundas
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502


*Counsel for Michael Strauss*

**MORRISON & FOERSTER LLP**

_____

By: Jack C. Auspitz
     Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Defendant Stephen A. Hozie*


**GIBSON DUNN & CRUTCHER LLP**

 

_____

By: Marshall R. King
200 Park Avenue
48th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant John A. Johnston*


#349659

**ALLEN & OVERY LLP**

 

_____

By: Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr. , C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth
P. Slosser, Irving J. Thau*

**LANKLER SIFFERT & WOHL**

 

_____

By: Frank H. Wohl
500 Fifth Avenue
33rd Floor
New York, New York 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Defendant Robert Bernstein*

**SIMPSON THACHER & BARTLETT LLP**

_____

By: Paul Charles Curnin
      George P. Choundas
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Michael Strauss*

**MORRISON & FOERSTER LLP**

_____

By: Jack C. Auspitz
      Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Defendant Stephen A. Hozie*

**GIBSON DUNN & CRUTCHER LLP**

_____

By: Marshall R. King
200 Park Avenue
48th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant John A. Johnston*

#349659

**ALLEN & OVERY LLP**

_____

By: Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Counsel for Nicholas R. Marfino,*
*Michael A. McManus, Jr. , C. Cathleen*
*Raffaeli, Kristian R. Salovaara, Kenneth*
*P. Slosser, Irving J. Thau*

**LANKLER SIFFERT & WOHL LLP**

_____

By: Frank H. Wohl
500 Fifth Avenue
33rd Floor
New York, New York 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Defendant Robert Bernstein*

**SIMPSON THACHER & BARTLETT LLP**

_____
By: Paul Charles Curnin
    George P. Choundas
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502


*Counsel for Michael Strauss*

**MORRISON & FOERSTER LLP**

_____
By: Jack C. Auspitz
    Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Defendant Stephen A. Hozie*

**GIBSON DUNN & CRUTCHER LLP**

_____
By: Marshall R. King
200 Park Avenue
48th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for Defendant John A. Johnston*

#349659

**ALLEN & OVERY LLP**

_____
By: Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr. , C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth
P. Slosser, Irving J. Thau*

**LANKLER SIFFERT & WOHL**

_____
By: Frank H. Wohl
500 Fifth Avenue
33rd Floor
New York, New York 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Defendant Robert Bernstein*