# ALLEN & OVERY

**VIA ECF & FEDERAL EXPRESS**

The Honorable Thomas C. Platt
United States District Judge
United States District Court
for the Eastern District of New York
Long Island Courthouse
1044 Federal Plaza
Central Islip, New York 11722-9014

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel         212 610 6300
Fax        212 610 6399
Direct line   212 610 6323
patricia.hynes@allenovery.com

January 12, 2010

**Re: In re American Home Mortgage Securities Litigation, 07-MD-1898 (TCP)(ETB)**

Dear Judge Platt:

    We represent defendants Nicholas R. Marfino, Michael A. McManus, Jr., C. Cathleen Raffaeli, Kristian Salovaara, Kenneth P. Slosser and Irving Thau and write on behalf of all defendants in the above-referenced action (the "Settling Defendants"). In anticipation of the class action settlement hearing scheduled before the Court tomorrow afternoon, we wish to alert the Court to material defects in the request for exclusion submitted by Utah Retirement Systems ("URS"). While we fully support the settlement and believe that Your Honor should approve it at tomorrow's hearing, we respectfully request that Your Honor make URS' request for exclusion contingent on its full compliance with the Court's July 30, 2009 order.

    On July 30, 2009, this Court issued an order (the "Preliminary Approval Order") that preliminarily certified a Class and Offerings Subclass[1] for settlement purposes and, in Paragraph 14, provided that:

> Class Members (including Offerings Subclass Members) shall be bound by all applicable determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first-class mail to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion shall clearly indicate the name, address and

---

[1] The Preliminary Approval Order defines: (i) the "Class" as "all persons or entities [with certain exceptions] who purchased or otherwise acquired shares of [American Home] common and/or preferred stock during the [Class Period] and who were damaged thereby"; and (ii) the "Offerings Subclass" as "all persons or entities [with certain exceptions] who purchased or otherwise acquired shares of American Home common stock pursuant or traceable to the registration statements issued in connection with [the Offerings] and who were damaged thereby."

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AO and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, New York, Paris, Prague, Riyadh (associated office), Rome, Shanghai, Singapore, Tokyo and Warsaw.

telephone number of the person seeking exclusion and that the sender requests to be excluded from the Class in the In re American Home Mortgage Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of American Home common stock and/or preferred stock during the Class Period. ***To the extent that purchases of American Home common shares were purchased pursuant or traceable to the 2005 Offering and/or the 2007 Offering, the request for exclusion must so state and supporting documentation must be provided. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.***

(Emphasis added.)

On November 19, 2009, after URS commenced a separate action, this Court consolidated URS' action with the main class action and reiterated that if URS wished to opt out, it was "required to comply with paragraph 14 of the July 30, 2009 Order of the Court."

On or about December 1, 2009, URS sent a purported request for exclusion, which lists several purchases and sales of AHM common shares and further states, without explanation or support, that "[t]hese transactions include common shares purchased . . . traceable to the 2007 Offering." However, URS's purported request for exclusion fails to provide the quantity of its shares allegedly traceable to the 2007 Offering or provide any documentation concerning such tracing. Subsequent to the Settling Defendants' receipt of URS's purported request for exclusion, the Settling Defendants informed URS of these defects and requested that URS remedy them. In direct contravention of this Court's orders, URS responded that it would not amend its request for exclusion to include the missing information.

Accordingly, we respectfully request that this Court make URS's request for exclusion conditional upon URS providing, within 14 days, (i) a statement identifying which shares URS contends are traceable to the 2007 Offering, together with all documentation concerning such tracing, as required by the Preliminary Approval Order or (ii) a written statement that URS does not have such information or supporting documentation. Once URS has complied with this requirement, the defendants are prepared to respond to URS' separate complaint within 14 days.

We emphasize that URS's failure to comply with the Court's order in its purported request for exclusion in no way impacts the fairness of the class settlement. The Settling Defendants support class counsel's motion for approval of the class action settlement and entry of all judgments.

Respectfully submitted,

Patricia Hynes

cc:

Andrew D. Abramowitz, Esq. (via email)

All other counsel (via email)