

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN HOME MORTGAGE SECURITIES LITIGATION | 07-MD-1898 (TCP) <br> Electronically filed |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN LEAD PLAINTIFFS AND DEFENDANT DELOITTE & TOUCHE LLP

This matter came for hearing on January 13, 2010 (the "Settlement Hearing"), on the application of the Settling Parties to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement with Defendant Deloitte & Touche LLP ("Deloitte" or the "Settling Defendant") dated July 1, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Offering Subclass Plaintiffs against Settling Defendant in the Consolidated Amended Class Action Complaint (the "Complaint") now pending in this Court in the above-captioned consolidated class action (the "Action"), and should be approved; (ii) whether judgment should be entered (a) dismissing the Complaint on the merits, with prejudice and without costs in favor only of the Settling Defendant and the other Released Parties and as against all persons or entities who are members of the Offerings Subclass herein who have not requested exclusion therefrom, (b) releasing the Settled Claims as against the Settling Defendant and all other Released Parties; and (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Offerings Subclass. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing

substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of American Home Mortgage Investment Corp.'s ("American Home") transfer agent, at the respective addresses set forth in such records, and in the records of the Underwriter Defendants, who purchased or otherwise acquired American Home common stock pursuant or traceable to the registration statements issued in connection with the secondary offerings conducted on or about August 9, 2005 and on or about April 30, 2007 through and including August 6, 2007, except those persons or entities excluded by definition from the Offering Subclass, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation, unless otherwise defined herein.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Offerings Subclass Members.

3. The Court hereby affirms its findings in its Order Preliminarily Approving Settlements, dated July 30, 2009 (the "Preliminary Approval Order"), that for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Offerings Subclass Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Offerings Subclass; (c) the claims of Lead Plaintiff

Teachers' Retirement System of Oklahoma and named plaintiff Dana Marlin, the Offerings Subclass Representatives, are typical of the claims of the Offerings Subclass they seek to represent; (d) Offerings Subclass Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Offerings Subclass; (e) the questions of law and fact common to the members of the Offerings Subclass predominate over any questions affecting only individual members of the Offerings Subclass; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

   4. The Court further affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of the Offerings Subclass, *i.e.*, all persons or entities who purchased or otherwise acquired shares of American Home common stock pursuant or traceable to the registration statements issued in connection with the secondary offerings conducted on or about August 9, 2005 (the "2005 Offering") and on or about April 30, 2007 (the "2007 Offering" and together with the 2005 Offering the "Offerings") through and including August 6, 2007 and who were damaged thereby. Excluded from the Offerings Subclass are the following persons or entities: (i) Defendants and American Home; (ii) the parents, successors, subsidiaries, affiliates and assigns of any Defendant or of American Home, (iii) members of the immediate family of each of the Individual Defendants; (iv) any person who was an officer or director of American Home, Deloitte or any of the Underwriter Defendants (or any other underwriter of the 2005 Offering or the 2007 Offering) during the Class Period; and (v) any firm, trust, corporation, or other entity in which any of the Individual Defendants has or had a Controlling Interest during the Class Period.

Also excluded from the Offerings Subclass are any subclass members who timely and validly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Approval Order that Lead Plaintiff Teachers' Retirement System of Oklahoma and named plaintiff Dana Marlin are adequate subclass representatives and finally certifies them as Offerings Subclass Representatives, and finally certifies the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio as Offerings Subclass Counsel.

6. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Offering Subclass Members who could be identified with reasonable effort. The form and method of notifying the Offerings Subclass of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Offerings Subclass Members, advising them of the Settlement, the Plan of Allocation, and of Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Offerings Subclass Members to be heard with respect to the foregoing matters. Thus, it is hereby

determined that all Offerings Subclass Members who did not timely and validly elect to exclude themselves by written communication received on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Offerings Subclass Members, including Lead Plaintiffs. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice as against only the Settling Defendant and without costs except for the payments expressly provided for in the Stipulation.

10. Upon the Effective Date, each Offerings Subclass Plaintiff and all other Offerings Subclass Members, on behalf of themselves and their respective heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, affiliates and assigns: (a) shall by operation of law be deemed to have fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice; and (b) shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of

law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Settled Claims against any of the Released Parties.

11. Upon the Effective Date, the Settling Defendant and each of the other Released Parties, on behalf of themselves and their respective heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, affiliates and assigns: (a) shall by operation of law be deemed to have fully, finally and forever released, waived, discharged and dismissed each and every Released Parties' Claims against each and all of the Offerings Subclass Plaintiffs, the other named plaintiffs in the actions consolidated in this Action who asserted any claims against the Settling Defendant, their respective counsel, and the other Offerings Subclass Members with prejudice; and (b) shall forever be enjoined from prosecuting any Released Parties' Claims against any of the Offerings Subclass Plaintiffs, any other named plaintiff in the actions consolidated in this Action who asserted any claim against the Settling Defendant, any of their respective counsel, or any other Offerings Subclass Member.

12. Upon the Effective Date, the Court permanently bars, enjoins and restrains any and all persons and entities from commencing, prosecuting, or asserting any claim, including known and Unknown Claims, against the Deloitte Entities and all of their respective past, present and future officers, directors, employees, members, partners, principals, shareholders, owners, representatives, agents, attorneys (and with respect to all of these individuals their respective present or former spouses, immediate family members, heirs, executors, administrators and personal representatives, but only in their capacity as such), arising under federal, state, or common law, foreign law, or any other law, rule, or regulation, however styled or denominated, whether as claims, cross-claims, counterclaims or third-party claims, whether asserted in this Court or any other court, arbitration proceeding or other forum, and, whether for indemnification

6

or contribution or otherwise denominated, where the claim arises out of or is related to the claims or allegations asserted by Offerings Subclass Plaintiffs in the Action and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Offerings Subclass or any Offerings Subclass Member; provided, however, that if the Offerings Subclass or any Offerings Subclass Member obtains any judgment against any such person or entity based upon, arising out of, or relating to the claims or allegations asserted in the Complaint for which such person or entity and the Settling Defendants are found to be jointly and severally liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Offerings Subclass by or on behalf of Settling Defendants for common damages; or (ii) an amount that corresponds to the percentage of responsibility of Settling Defendants for common damages.

13.  Upon the Effective Date, the Court permanently bars, enjoins, and restrains each and every of the Deloitte Entities and all of their respective, past, present and future officers, directors, employees, members, partners, principals, shareholders, owners, representatives, agents, attorneys (and with respect to all of these individuals their respective present and former spouses, immediate family members, heirs, executors, administrators and personal representatives, but only in their capacity as such) from commencing, prosecuting, or asserting any claim against any other person or entity arising under federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim arises out of, or relates to the claims or allegations asserted in the Action and the alleged injury to Settling Defendant arises from Settling Defendant's alleged liability to the Offerings Subclass or any Offerings Subclass Member.

14. Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein:

a. shall be offered or received against the Settling Defendant as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Settling Defendant with respect to the truth of any fact alleged by Offerings Subclass Plaintiffs or the validity of any claim that was or could have been asserted against the Settling Defendant in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of the Settling Defendant;

b. shall be offered or received against the Settling Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendant, or against any of the Lead Plaintiffs or any other Offerings Subclass Members as evidence of any infirmity in the claims of the Lead Plaintiffs or the other Offerings Subclass Members;

c. shall be offered or received against the Settling Defendant, or against any of the Lead Plaintiffs or any other Offerings Subclass Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against the Settling Defendant, or against any of the Lead Plaintiffs or any other Offerings Subclass Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provision of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Settling Defendant, Lead Plaintiffs and any other Offerings Subclass Member may refer to it

8

to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

        d.      shall be construed against the Settling Defendant, any Lead Plaintiff or any other Offerings Subclass Member as an admission, concession, or presumption that the consideration to be given pursuant to the Settlement represents the amount that could be or would have been recovered after trial;

        e.      shall be construed as or received in evidence as an admission, concession or presumption against any Lead Plaintiff or any other Offerings Subclass Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

        15.      The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of this Settlement; (b) the allowance, disallowance or adjustment of any Offerings Subclass Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

        16.      Neither Settling Defendant nor any other Released Party shall have any obligation to make or cause to be made any payment into the Escrow Account except as specifically provided in paragraph 9 of the Stipulation.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. Separate Orders shall be entered regarding Lead Plaintiffs' motion for approval of the proposed Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Such orders shall not disturb or affect any of the terms of this Judgment.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Settling Defendant (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to April 7, 2009; and (c) the Settlement Amount plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned in full as provided in paragraph 33 of the Stipulation.

20. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____January 14 2010_____

_____
The Honorable Thomas C. Platt
United States District Judge

## Exhibit 1

### Persons and Entities Requesting Exclusion from the Class

James R. Sumner
Rev. Liv. Trust of Jane A. Sumner (deceased)
St. Louis, MO

Angelo V. Cavallaro
Philadelphia, PA

Elbert G. Jackson
Marilyn D. Jackson
Boise, ID

Utah Retirement Systems
Salt Lake City, UT

DPM, Ltd. Defined Benefit Plan
for the benefit of Dennis E. Murray, Sr.,
Dennis E. Murray, Sr. Trustee
Sandusky, OH

Caroline Cavazos
San Antonio, TX

Michael S. Hart
Burlingame, CA

P. Susan Steele
Mill Valley, CA

Anna Weisz & Joseph M. Miraglia Tr
UA 3-14-2005
Weisz Trust
Waterbury, VT

Guy Garrubbo
West Palm Beach, FL

#382396.9