FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 14 2010 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE AMERICAN HOME MORTGAGE SECURITIES LITIGATION | ) 07-MD-1898 (TCP) ) ) Electronically filed ) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) ) |

## JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN LEAD PLAINTIFFS AND THE INDIVIDUAL DEFENDANTS

This matter came for hearing on January 13, 2010 (the "Settlement Hearing"), on the application of the Settling Parties to determine (i) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 8, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs against individual defendants Michael Strauss; Stephen A. Hozie; Robert Bernstein; John A. Johnston; Michael A. McManus, Jr.; C. Cathleen Raffaeli; Nicholas R. Marfino; Kenneth P. Slosser; Irving J. Thau; and Kristian R. Salovaara (the "Settling Defendants") in the Consolidated Amended Class Action Complaint (the "Complaint") now pending in this Court in the above-captioned consolidated class action (the "Action"), and should be approved; and (ii) whether judgment should be entered (a) dismissing the Complaint on the merits, with prejudice and without costs in favor only of the Settling Defendants and the other Released Parties and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom, and (b) releasing the Settled Claims as against the Settling Defendants and all other Released Parties. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the

Court was mailed to all persons and entities reasonably identifiable, as shown by the records of American Home Mortgage Investment Corp.'s ("American Home") transfer agent, at the respective addresses set forth in such records, who purchased or otherwise acquired American Home common and/or preferred stock during the period from July 19, 2005 through and including August 6, 2007 (including all persons or entities who purchased or otherwise acquired shares of American Home common stock pursuant or traceable to the registration statements issued in connection with the secondary offerings conducted on or about August 9, 2005 and on or about April 30, 2007), except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court hereby affirms its findings in its Order Preliminarily Approving Settlement, dated July 30, 2009 (the "Preliminary Approval Order"), that for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs, the Class Representatives,

are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court further affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired shares of American Home common and/or preferred stock during the period from July 19, 2005 through and including August 6, 2007 and who were damaged thereby. The Class includes all persons or entities who purchased or otherwise acquired shares of American Home common stock pursuant or traceable to the registration statements issued in connection with the secondary offerings conducted on or about August 9, 2005 (the "2005 Offering") and on or about April 30, 2007 (the "2007 Offering") and who were damaged thereby. Excluded from the Class are the following persons or entities: (i) Defendants and American Home; (ii) the parents, successors, subsidiaries, affiliates and assigns of any Defendant or of American Home, (iii) members of the immediate family of each of the Settling Defendants; (iv) any person who was an officer or director of American Home, Deloitte & Touche LLP or any of the Underwriter Defendants (or any other underwriter of the 2005 Offering or the 2007 Offering) during the Class Period; (v) any firm, trust, corporation, or other entity in which any of the Settling Defendants has or had a controlling interest during the Class Period. Also excluded from the Class are the persons and/or entities who timely and validly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Approval Order that Lead Plaintiffs Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension & Retirement System are adequate class representatives and finally certifies them as Class Representatives, and finally certifies the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio as Class Counsel.

6. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, of Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and

validly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including Lead Plaintiffs. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice as against only the Settling Defendants and without costs except for the payments expressly provided for in the Stipulation.

10. Upon the Effective Date, each Plaintiff and all other Class Members, on behalf of themselves and their respective heirs, joint tenants, tenants in common, executors, administrators, predecessors successors, affiliates and assigns: (a) shall by operation of law be deemed to have fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice; and (b) shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal,

administrative forum, or other forum of any kind, asserting any of the Settled Claims against any of the Released Parties.

11. Upon the Effective Date: (a) each of the Settling Defendants and each of the other Released Parties, on behalf of themselves and their respective heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, affiliates and assigns shall by operation of law be deemed to have fully, finally and forever released, waived, discharged and dismissed each and every Released Parties' Claims against each and all of the Plaintiffs, the other named plaintiffs in actions consolidated in the Action, their respective counsel, and the other Class Members with prejudice; and (b) each of the Settling Defendants and each of the other Released Parties, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, shall forever be enjoined from prosecuting any Released Parties' Claims against any of the Plaintiffs, any other named plaintiff in the actions consolidated in this Action, any of their respective counsel, or any other Class Member.

12. Upon the Effective Date, the Court permanently bars, enjoins and restrains any and all persons and entities from commencing, prosecuting, or asserting any claim against the Settling Defendants arising under federal, state, or common law, foreign law, or any other law rule or regulation, however styled or denominated, whether as claims, cross-claims, counterclaims or third-party claims, whether asserted in this Court or any other court, arbitration proceeding or other forum, and, whether for indemnification or contribution or otherwise denominated, where the claim arises out of or is related to the claims or allegations asserted by Plaintiffs in the Action and the alleged injury to such person or entity arises from that person's or

entity's alleged liability to the Class or any Class Member; provided, however, that if (a) the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to the claims or allegations asserted in the Complaint arising under the Securities Act for which such person or entity and any Settling Defendant are found to be jointly and severally liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Class by or on behalf of each such Settling Defendant for common damages pursuant to the Securities Act; or (ii) an amount that corresponds to the percentage of responsibility of any such Settling Defendant(s) that constitute "covered persons" pursuant to 15 U.S.C. §78u-4(f)(10)(C) for common damages pursuant to the Securities Act; or (b) the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to the claims or allegations asserted in the Complaint arising under the Exchange Act for which such person or entity and any Settling Defendant are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Class by or on behalf of each such Settling Defendant for common damages pursuant to the Exchange Act or (ii) an amount that corresponds to the percentage of responsibility of any Settling Defendant(s) for common damages pursuant to the Exchange Act.

13.  Upon the Effective Date, the Court permanently bars, enjoins, and restrains each and every Settling Defendant from commencing, prosecuting, or asserting any claim against any other person or entity arising under federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim arises out of, or relates to the claims or allegations asserted in the Action and the alleged

injury to such Settling Defendant arises from that Settling Defendant's alleged liability to the Class or any Class Member.

14. Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein:

a. shall be offered or received against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Settling Defendants in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants;

b. shall be offered or received against any of the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against any of the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of the Lead Plaintiffs or the other Class Members;

c. shall be offered or received against any of the Settling Defendants, or against any of the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Defendants, or against any of the Lead Plaintiffs or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provision of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Settling

Defendants, Lead Plaintiffs and any other Class Member may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

    d.    shall be construed against any of the Settling Defendants, any Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given pursuant to the Settlement represents the amount that could be or would have been recovered after trial;

    e.    shall be construed as or received in evidence as an admission, concession or presumption against any Lead Plaintiff or any other Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

    15.    The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of this Settlement; (b) approving a plan of allocation; (c) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (f) enforcing and administering this Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

    16.    None of Settling Defendants nor any other Released Party shall have any obligation to make or cause to be made any payment into the Escrow Account except as specifically provided in paragraph 9 of the Stipulation.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. Separate Orders shall be entered regarding Lead Plaintiffs' motion for approval of the proposed Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Such orders shall not disturb or affect any of the terms of this Judgment.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Settling Defendants (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to January 16, 2009; and (c) the Settlement Amount plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned in full as provided in paragraph 33 of the Stipulation.

20. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _January 14, 2010_

_____
The Honorable Thomas C. Platt
United States District Judge

11

## Exhibit 1

### Persons and Entities Requesting Exclusion from the Class

James R. Sumner
Rev. Liv. Trust of Jane A. Sumner (deceased)
St. Louis, MO

Angelo V. Cavallaro
Philadelphia, PA

Elbert G. Jackson
Marilyn D. Jackson
Boise, ID

Utah Retirement Systems
Salt Lake City, UT

DPM, Ltd. Defined Benefit Plan
for the benefit of Dennis E. Murray, Sr.,
Dennis E. Murray, Sr. Trustee
Sandusky, OH

Caroline Cavazos
San Antonio, TX

Michael S. Hart
Burlingame, CA

P. Susan Steele
Mill Valley, CA

Anna Weisz & Joseph M. Miraglia Tr
UA 3-14-2005
Weisz Trust
Waterbury, VT

Guy Garrubbo
West Palm Beach, FL

356777.11