

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE AMERICAN HOME MORTGAGE SECURITIES LITIGATION ) ) ) ) | 07-MD-1898 (TCP)<br><br>Electronically filed |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) ) ) |  |

## [~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came for hearing on January 13, 2010 (the "Settlement Hearing") on the motion of Lead Counsel to determine whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of American Home Mortgage Investment Corp.'s ("American Home") transfer agent, and the records of the Underwriter Defendants, at the respective addresses set forth in such records, who purchased or otherwise acquired shares of American Home common and/or preferred stock during the period from July 19, 2005 through and including August 6, 2007, including all persons or entities who purchased or otherwise acquired shares of American Home common stock pursuant or traceable to the registration statements issued in connection with the secondary offerings conducted on or about August 9, 2005 and on or about April 30, 2007, and who were allegedly damaged thereby, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition

of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order Awarding Attorneys' Fees and Expenses incorporates by reference the definitions in the Stipulations and Agreements of Settlement with the Individual Defendants, defendant Deloitte & Touche LLP and with the Underwriter Defendants, dated April 8, 2009, July 1, 2009 and July 1, 2009, respectively (the "Settlement Stipulations") and all terms used herein shall have the same meanings as set forth in the Settlement Stipulations.

2. The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Expenses, and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of _20_% of the $37.25 million Total Settlement Amount, with interest thereon at the same net rate as earned by the Settlement Funds from the date the Settlement Funds were funded to the date of payment, which sum

the Court finds to be fair and reasonable, and $ 572 043.33 in reimbursement of litigation expenses, which expenses shall be paid from the Settlement Funds. The attorneys' fees and expenses awarded shall be taken from each Settlement Fund in the same proportion that the fund represents to the Total Settlement Amount. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a) The Settlements have created a total settlement fund of $37.25 million in cash that is already on deposit and has been earning interest, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlements created by the efforts of Lead Counsel and other Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were substantially involved in the prosecution and resolution of the Action;

(c) To date, over 131,400 copies of the Notice were disseminated to putative Class Members stating that Lead Counsel were moving for attorneys' fees in an amount not to exceed 20% of the Total Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $750,000 and no Class Member objected to Lead Counsel's Fee and Expense Application;

(d) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had the Settlements not been achieved, there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendants; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Total Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments.

7. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulations and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

8. In the event that the any or all of the Settlements are terminated or do not become Final in accordance with the terms of the Settlement Stipulations, this Order shall be rendered null and void to the extent provided by the affected Settlement Stipulation(s) and shall be vacated in accordance with that Settlement Stipulation.

9. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____January 15_____, 2010

_____
The Honorable Thomas C. Platt
United States District Judge

# 428665.