UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

IN RE AMERICAN HOME MORTGAGE          **ORDER**
SECURITIES LITIGATION 07-MD-1898
---------------------------------X

THIS DOCUMENT RELATES TO
09-CV-3221
---------------------------------X

PLATT, District Judge.

       Before the Court is defendants' letter (DE # 93) dated January 12, 2010 requesting that the Court require the above captioned consolidated case, Utah Retirement Systems v. Strauss, et al. ("URS"), to comply with the class exclusion procedures as set forth in the July 30, 2009 Preliminary Approval Order. Also before the Court is URS' letter in opposition (DE #94).

       With respect to the procedures for exclusion from the class settlement, said Order provides, *inter alia*, "[t]o the extent that purchases of American Home common shares were purchased pursuant or traceable to the . . . 2007 Offering, the request for exclusion must so state and supporting documentation must be provided." DE # 79 at ¶ 14.

       On or about December 1, 2009, plaintiff Utah Retirement Systems submitted a request for exclusion containing a list of several purchases and sales of American Home Mortgage common shares. The exclusion request stated that "[t]hese transactions include common shares purchased . . . traceable to the 2007 Offering" without further explanation or documentation.

       Defendants represent that upon their receipt of URS' exclusion, they

informed URS of the defects and requested that URS remedy them which it declined to do.  URS contends that it fully complied with the July 30, 2009 Order with regard to the prerequisites for opting out of the class action by documenting "every single purchase and sale of American Home Mortgage stock and . . . [by noting] that it believes certain of its purchases are traceable to the 2007 Offering." URS argues that the "clear wording" of the Order requires nothing more.

Read in the context of the paragraph as a whole, the plain meaning of "supporting documentation" requires documentation identifying those shares purchased and sold pursuant to the 2007 Offering.  Thus, the Court finds that the language in its July 30, 2009 Order requires that any class member wishing to be excluded from the settlement identify those American Home Mortgage shares purchased pursuant or traceable to the 2007 Offering and provide supporting documentation of same.

Plaintiff admits that "[w]hat it did not do was attempt to identify *which* specific transactions are traceable to the 2007 Offering."  Defendants request that the Court make URS' request for exclusion conditional upon URS providing: "(i) a statement identifying which shares URS contends are traceable to the 2007 Offering, together with all documentation concerning such tracing . . . or (ii) a written statement that URS does not have such information or supporting documentation."  Defendants' request is hereby **GRANTED** and URS is directed to comply within fourteen (14) days of the entry of this Order or its request for

exclusion from the class shall be considered non-compliant.

**SO ORDERED**.

Dated: January 14, 2010
      Central Islip, New York

                                              /s/
                              Thomas C. Platt, U.S.D.J.